**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| IN THE MATTER OF | ) IN A PROCEEDING UNDER CHAPTER 13 |
| Mark B. Mansur | |
| Kathleen A. Mansur | ) CASE NO. 13-20113 |
| DEBTORS | ) DATE: APRIL 19, 2013 |

**SECOND AMENDED CHAPTER 13 PLAN**

1. **PLAN TERM AND FUNDING:**

The Term of the Plan shall be 60 months for these Debtors who are above State of Connecticut Median Income. The Debtors shall submit all or such portion of future income to the control of the Trustee, for the Applicable Commitment Period of 60 months, as necessary for the execution of the Plan. The Debtors' employer shall pay to the Trustee the sum of **$2,573.03** each month for 60 months.

2. **IMPLEMENTATION OF PLAN:**

From the payments so received, the Trustee and/or the Debtors shall make disbursements as follows:

   a. **ADEQUATE PROTECTION PAYMENTS:** NONE

   b. **DOMESTIC SUPPORT OBILIGATIONS:** NONE

   c. **PAYMENTS RELATED TO A LOAN FROM A QUALIFIED RETIREMENT PLAN:**

The Debtors shall maintain current loan payments (as described in Section 362(b)(19)) owed to Cigna, by making said payments directly to the obligee until the loan is paid in full or on or before December, 2014 ($200.76 bi-weekly or $434.98 per month.)

   d. **PRIORITY CLAIMS:** All claims entitled to priority under 11 U.S.C. 507 shall be paid in full as required by 11 U.S.C. 1322(a)(2)or(4), as hereinafter set forth:

1

1.  Attorney's fee owed to Charles A. Maglieri in the amount of $1,500.00 +0% as a Section 503(b), Administrative Expense.

2.  Individual 1040 Federal Income tax for tax year ending 2012 in the amount of $3,636.00 due Department of the Treasury, Internal Revenue Services +0%, per Proof of claim ___, dated _____.

Total Priority Claims and Administrative Expenses: $5,136.00.

e.  **SECURED CLAIMS:**  Subsequent to the above priority payments, secured creditors whose claims are duly proved and allowed, together with interest per annum as hereinafter set forth, **except for any claims where Adequate Protection Payments are paid:**

(i)  ALLOWED SECURED CLAIMS NOT BEING MODIFIED:

1.  Real estate taxes for assessment list of October 31, 2012, due and payable July 1, 2013, in the amount of $9,105.40 owed to the Town of Canton shall be paid outside the plan through escrow payments.

2.  Mortgage debt owed to Bank of America dated October 15, 2008 in the approximate amount of $398,911.07 secured against the debtors' primary residence known as and located at 7 Orchard Hill Road, Canton, CT; as recorded on October 16, 2008 in Volume 363 at Page 144 of the Canton Land Records shall.  Said claim shall be paid by the debtor outside of the Plan in regular monthly installment payments commencing with the February, 2013 payment.

3.  Certificate of Title claim of Ally Financial regarding the 2012 Jeep Wrangler, with a balance of $23,102.28 as of the date of Petition, per Proof of Claim #1 dated January 29, 2013, shall be paid by the Debtors outside of the Plan by keeping monthly auto loan payments current during the term of this Plan commencing February, 2013 and thereafter until fully paid.

**f. GENERAL UNSECURED CLAIMS, CLASSIFICATION AND TREATMENT:**

**(i) CLASSIFICATION OF UNSECURED CLAIMS (Pursuant to Sections 1322(b)(1), 1122, and F.B.R. 3013):   NONE**

**(ii) TREATMENT OF NON-CLASSIFIED CLAIMS:**

   To be paid subsequent to payment of secured claims, unsecured claims

shall be comprised of all other allowed non-priority unsecured claims (including the foregoing secured claims deemed to be unsecured by virtue of 11 U.S.C. 506(a) or 522(f)). The Debtors shall pay over to the Trustee, in behalf of allowed unsecured claims the sum of $133,807.73. Said claims shall be paid in full, or a 100% distribution, together with the trustee's fees. However, should the Debtors' estate be found to be solvent, general unsecured claims shall be paid 100% plus interest per annum at the federal judgment rate existing on the date the Plan is confirmed.  Further, interest may be paid on certain claims which are non-dischargeable pursuant to Section 1328(a) subject to the limitations set forth in Section 1322(b)(10).

No dividend shall be paid on the unsecured portion of any claim where the rights of the holder of such claim may not be modified pursuant to the provisions of 11 U.S.C. 1322(b)(2).  The total of all non-classified, general unsecured claims is $133,807.73.

3. **ASSUMPTION OR REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES:**

    (i) EXECUTORY CONTRACTS: **NONE**

    (ii) UNEXPIRED LEASES:    **NONE**

4. **OTHER TERMS OF PLAN:**

    a)    <u>**EFFECTIVE DATE OF PLAN:**</u>
    **The effective date of this Chapter 13 Plan shall be date of Confirmation.**

    b)    <u>**Other:**</u>    **N/A**

5. **REQUIREMENTS FOR CONFIRMATION:**

   (i)   VALUE OF PROPERTY TO BE DISTRIBUTED:

        UNSECURED CLAIMS

The holder of such claim shall be paid in such amounts as to have value, as of the effective date of the plan, that is not less than the allowed amount of such claim (as that amount may be finally determined) and that would be paid such claim if the estate of the Debtor were to be liquidated under Chapter 7 of Title 11 of the United States Code.

(ii)  WITH RESPECT TO EACH ALLOWED SECURED CLAIM:

    a. The holder of such claim shall retain the lien securing said until the earlier of: (1) the payment of the underlying debt determined under non-bankruptcy law; or (2) discharge under Section 1328.

    b. If the case under this chapter is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law.

    c. The value, as of the effective date of the Plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim and in no event shall the amount to be distributed to each creditor under the Plan be less than the value (as of the effective date of the Plan) of the property upon which such creditor has an enforceable lien.

    d. If property to be distributed pursuant to Section 1325(a)(5)(B) is in the form of periodic payments, such payments shall be in equal monthly amounts.

6. **SUFFICIENCY OF DEBTOR'S PAYMENTS:**

Payments to the Trustee shall be made in installments conforming to the Debtors' payment periods over a period of 60 months in such amounts as may be required to provide for the payment of all costs of administration, the payment in full of all claims entitled to priority as defined in 11 U.S.C. 507, the present value of all allowed secured claims and payments to unsecured creditors as hereinbefore provided. The Debtors' total payments, for the term of this Plan, to the Trustee shall be not less than $154,381.80.

7. **VESTING OF TITLE:**

    Title to the Debtors' property shall revest in the debtors upon the earlier of the dismissal of the case, the closing of the case, or upon approval by the Court of the Trustee's final report and account, provided, however, that no property received by the Trustee for the purpose of distribution under the Plan shall revest in the Debtors except to the extent that such property may be in excess of the amount needed to pay all allowed claims as provided in the Plan, as confirmed.

8. **DEBTOR'S ATTORNEYS FEES:**

    The Debtors' attorneys fees shall be paid inside the Plan in the amount of $1,500.00, subsequent to approval of Court, as an Administrative Expense Priority pursuant to 11 USC Section 503(b).

*Remainder of page intentionally left blank

9. **CONTACT PERSON:**

     Questions regarding this Plan may be directed to either the attorney for the debtor: Charles A. Maglieri, 34 Jerome Avenue, Bloomfield, CT 06002, 860-242-0574] or Molly T. Whiton, Chapter 13 Trustee for District of Connecticut, 10 Columbus Blvd, Suite 6, Hartford, CT 06106, 860-278-9410.

Dated: April 19, 2013                      __/s/ Mark B. Mansur_____
                                               Debtor – Mark B. Mansur

                                               __/s/ Kathleen A. Mansur_____
                                               Debtor – Kathleen A. Mansur

                                               __/s/ Charles A. Maglieri____
                                               Charles A. Maglieri
                                               Attorney for the Debtors